**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

**MICHAEL MORGAN, et al.,** )
)
**Plaintiffs,** )
)
**vs.** ) **Case No. 1:12-CV-136 (CEJ)**
)
**ORTHOPAEDIC ASSOCIATES OF** )
**SOUTHEAST MISSOURI, P.C., et al.,** )
)
**Defendants.** )

**MEMORANDUM AND ORDER**

**This matter is before the Court on plaintiffs' motion to transfer venue from the Southeastern Division (Cape Girardeau) to the Eastern Division (St. Louis) of this district. Defendants oppose the motion, and the issues are fully briefed.**

**A district court may transfer a civil action to another division where that action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Accordingly, the three general categories of factors that a court should consider when deciding a motion to transfer venue are "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The moving party "typically bears the burden of proving that the transfer is warranted." Id. at 695.**

**Plaintiffs argue that their case should be transferred to St. Louis for trial in order to accommodate their expert witnesses. Those experts will be traveling to Missouri from other states, and plaintiffs explain that a trip to Cape Girardeau will take more time than a trip to St. Louis, resulting in an increase in plaintiffs' litigation costs. Defendants respond that the convenience of expert witnesses should "not [be] given**

**great weight in the analysis under Section 1404(a)." Centro Group, S.p.A. v. OroAmerica, Inc., 822 F.Supp. 1058, 1062 (S.D.N.Y. 1993). Moreover, defendants point out that many of the healthcare providers whom they intend to call as witnesses are located in Cape Girardeau and would be inconvenienced if the trial were held in St. Louis. See Terra Int'l, 119 F.3d at 696-97. ("Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."). Overall, the parties would be inconvenienced by the transfer of venue, as defendants are located in Cape Girardeau and plaintiffs are located equidistant between the two divisions. Finally, the Court notes that the alleged medical malpractice from which plaintiffs' cause of action arose occurred in Cape Girardeau. See Terra Int'l, 119 F.3d at 696 (suggesting that "the location where the conduct complained of occurred" is a factor to be considered in deciding a motion for change of venue).**

**After considering the relevant factors, the Court concludes that a transfer of venue would not be in the interests of justice, nor would it promote the convenience of the parties and witnesses.**

**Accordingly,**

**IT IS HEREBY ORDERED that plaintiffs' motion to transfer venue [Doc. #31] is DENIED.**

**CAROL E. JACKSON**
**UNITED STATES DISTRICT JUDGE**

**Dated this 12th day of November, 2013.**