UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL MORGAN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:12-CV-136 (CEJ) |
| ORTHOPAEDIC ASSOCIATES OF SOUTHEAST MISSOURI, P.C., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On June 17, 2014, the Court entered judgment in favor the defendants Bernard Burns, D.O., and Orthopaedic Associates of Southeast Missouri, P.C. on plaintiff Michael Morgan's claims of medical negligence following a bench trial. This matter is now before the Court on defendants' motion for bill of costs requesting an award of $6,302.13. Plaintiff objects to the bill of costs to the extent to which it includes expenses not recoverable under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d)(1), including costs of depositions not obtained for trial preparation, postage and delivery, archiving, and videotaping and videoconferencing depositions. The Court will discuss each objection in turn.

**I.    Legal Standard**

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 601 (8th Cir. 2009). "These awards, however, must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax." Id. (citation omitted). The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts...."

28 U.S.C. §1920(1)-(6). The presumption under Rule 54(d) is that the prevailing party is entitled to costs. Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995).

## II. Discussion

### A. Deposition Transcripts and Copies

Plaintiff objects to the $1,149.65 billed for court reporter attendance fees and copies of deposition transcripts not used or offered into evidence by defendants.[1] "Costs associated with depositions are taxable if the depositions were obtained for trial preparation and not merely for investigative purposes." Data Mfg., Inc. v. United Parcel Serv., Inc., No. 4:07-CV-1456 (CEJ), 2009 WL 214598, at *1 (E.D. Mo. Jan. 28, 2009) (citing Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995)). The depositions at issue were not merely investigative. As defendants point out, the individuals deposed were either designated as expert witnesses by plaintiff, or requested for deposition by plaintiff. The deposition transcripts of these individuals were obtained for trial preparation, and plaintiff's objection to the bill of costs on this ground is overruled.

---

[1] Specifically, plaintiff objects to costs associated with the depositions of Karen Mangels, Carol Clements, Anna Johnson, Amy Russell, Tom Weber, Keven Crawford, Linda Hanel, Kim Matthews, Linda Schweiger, and Karen Tabak.

Plaintiff also objects to the $67.05 in charges for copies of exhibits from depositions.[2] Again, the depositions at issue were not merely investigative, and costs associated with those depositions are recoverable - including copies of the exhibits. Accordingly, this objection is also overruled.

B. Postage and Delivery Fees

Plaintiff objects to the $120.00 defendants billed for shipping and handling depositions. Defendant argues that deposition postage and delivery expenses are necessary, as deposition materials must be transmitted to counsel and transmission via mail is customary. Regardless of custom or necessity, 28 U.S.C. § 1920 simply does not authorize taxing costs for postage and delivery expenses. See Smith v. Tenet Heathsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Therefore, the Court will reduce the amount billed by $120.00.

C. Archive Expenses

Plaintiff objects to the taxation of costs for archiving transcripts and exhibits of depositions. Defendants explain that they incurred archiving expenses after plaintiff named them in his initial suit, dismissed them from that case without prejudice, and then re-filed the case after achieving settlement with the other defendant. However, archiving expenses are not recoverable under 28 U.S.C. § 1920. See Moultrie v. Penn Aluminum Int'l, LLC, , No. 3:11-cv-500-DRH-PMF, 2014 WL 87830, at *3 (S.D. Ill. Jan. 9, 2014). The Court will disallow these costs, and reduce the amount billed by $67.50.

D. Videotaping, Videoconferencing, and Digital Transcripts

---

[2] Plaintiff objects to copies of exhibits from the depositions of Bernard Burns, Karen Mangels, Carol Clements, Amy Russell, Tom Weber, Keven Crawford, Kim Matthews, and Waltina Kisner.

Plaintiff objects to the costs arising from the deposition of defendant's expert, John Luce, M.D., including $370.00 in video expenses, $25.00 for video handling, $270.00 for videoconferencing, and $35.00 for a digital transcript. Plaintiff also objects to the taxation of $540.00 in videoconferencing charges incurred for the deposition of plaintiff's expert, Charles Stratton, IV, M.D.

The Eighth Circuit has held that the cost of videotaping depositions is included as a taxable cost under 28 U.S.C. § 1920. See Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009). Plaintiff does not suggest that he objected to the video-recording at the time of Dr. Luce's deposition. Moreover, Dr. Luce's deposition was introduced and received into evidence at trial, and his testimony was considered by the Court in reaching its findings of fact. The Court will award costs for the video, which was necessarily obtained for use in the case. The expenses of videoconferencing, on the other hand, are akin to travel expenses, and are not taxable. See Sanford v. Portfolio Recovery Asscs., LLC, No. 12-cv-11526, 2013 WL 5476272, at *3 (E.D. Mich. Oct. 2, 2013). The Court will subtract the videoconferencing expenses of $810.00 from the bill of costs. The expenses for video handling and digital transcripts are also not taxable, resulting in a reduction of $60.00.

III. Conclusion

The Court has reviewed the bill of costs, and finds the listed expenses taxable *except* for $120.00 for postage and delivery, $67.50 for archiving expenses, and $870.00 for videoconferencing, video handling, and digital transcripts, for a total reduction of $1057.50.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for taxation of bill of costs [Doc. #62] is **granted in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in favor of defendants and against plaintiff in the amount of $5,244.63.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2014.